JUDY CAROL PENDER SELF v. JOHN CARROLL SELF

No. 8115DC444

(Filed 2 February 1982)

**1. Trial § 3.2— motion for continuance—no abuse of discretion in denial**

Defendant failed to show the trial judge abused his discretion in denying his motion for continuance where defendant was at least $16,650 in arrears in his child support payments, an order was entered on 15 December 1980 requiring the defendant to appear on 6 January 1981 to show cause why he should not be adjudged in contempt for noncompliance with the support order, and where he moved for continuance on the basis that his attorney, whom he had contacted on the afternoon of 5 January 1981, would not be able to appear.

**2. Divorce and Alimony § 23.9— willful nonsupport of child—findings not supported by evidence**

There was no competent evidence in a contempt proceeding to support the findings that (1) defendant had the ability to comply with a child support order, and (2) he had willfully failed to exercise his capacity to earn as there was no evidence to counter the testimony by defendant that he had been unemployed, seeking work, and "unable to make those payments."

**3. Divorce and Alimony § 23.9— failure to produce financial records—supported by evidence**

A statement by defendant that financial information including income tax returns, cancelled checks, financial statements, etc., had been prepared but was not present in court was sufficient to support a conclusion that defendant was in contempt for failure to produce his financial records.

APPEAL by defendant from *Washburn, Judge.* Order entered 7 January 1981 in District Court, ALAMANCE County. Heard in the Court of Appeals 10 December 1981.

Defendant appeals from an order finding him in contempt for failure to comply with orders for (1) payment of child support and (2) production of financial records.

*No brief filed by plaintiff appellee.*

*House, Blanco, Randolph & Osborn, P.A., by Clyde C. Randolph, Jr., and Reginald F. Combs, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends denial of his motion for continuance of the show cause hearing abridged his constitutional right to

counsel. *Holt v. Virginia*, 381 U.S. 131, 14 L.Ed. 2d 290, 85 S.Ct.
1375 (1965); *In Re Oliver*, 333 U.S. 257, 92 L.Ed. 682, 68 S.Ct. 499
(1948).

> A motion for continuance is ordinarily addressed to the
> sound discretion of the trial judge and not subject to review
> on appeal absent an abuse of that discretion. However, when
> the motion is based on a right guaranteed by the United
> States or North Carolina Constitutions, the question
> presented is a reviewable question of law. (Citations omitted.)
> Implicit in the constitutional guarantees of the effective
> assistance of counsel and the right to confront witnesses is
> the right to a reasonable time in which to investigate and
> prepare a defense. However, no set length of time is
> guaranteed and whether a defendant is denied due process of
> law by a trial court's denial of his motion to continue must be
> determined after consideration of the circumstances in each
> case.

*State v. Parton*, 303 N.C. 55, 68, 277 S.E. 2d 410, 419 (1981).

The pertinent circumstances here were as follows:

Plaintiff obtained from defendant an absolute divorce and
custody of two minor children born of the marriage. The court
subsequently, on plaintiff's motion, ordered defendant to pay child
support. An order was entered and served on 15 December 1980
requiring defendant to appear on 6 January 1981 at 9:30 a.m. to
show cause why he should not be adjudged in contempt for non-
compliance with the support order. Defendant appeared as
ordered and advised the court that he had made arrangements to
employ Clyde C. Randolph, Jr., as his attorney; that he had con-
tacted Randolph during the afternoon of 5 January 1981; that
Randolph had informed him that, because of a previous commit-
ment, he would not be able to appear; and that Randolph had in-
structed him to request a continuance so that he might have
opportunity to obtain counsel. B. F. Wood, Esq., informed the
court that his partner, James F. Latham, Esq., had talked with
Randolph, and that Randolph had requested that Latham "appear
in his stead and move for continuance." Wood further informed
the court "that Randolph was unable to appear because of
previous commitment and had not had opportunity to prepare for
Hearing due to the fact that he had not been contacted until the

afternoon of January 5, 1981." Following these representations, the court denied continuance.

"Due process is not denied every defendant who is refused the right to defend himself by means of his chosen retained counsel . . . particularly where defendant is inexcusably dilatory in securing legal representation." *People v. Brady*, 275 Cal. App. 2d 984, 993, 80 Cal. Rptr. 418, 423 (1969) (cited with approval in *State v. McFadden*, 292 N.C. 609, 612-613, 234 S.E. 2d 742, 745 (1977)). *See also People v. Simeone*, 132 Cal. App. 2d 593, 282 P. 2d 971 (1955) (also cited with approval in *McFadden*). As Justice (now Chief Justice) Branch noted in *McFadden*: "[A]n accused may lose his constitutional right to be represented by counsel of his choice when he perverts that right to a weapon for the purpose of obstructing and delaying his trial." 292 N.C. at 616, 234 S.E. 2d at 747.

Defendant here was allegedly at least $16,650.00 in arrears in his payments. He was served on 15 December 1980 with an order directing him to appear on the morning of 6 January 1981. He made no effort to contact counsel of his choice until the afternoon of 5 January 1981, three weeks subsequent to service of the order and less than 24 hours prior to the scheduled time of hearing. Under these circumstances, we are unable to say, as a matter of law, that the trial judge abused his discretion in denying the motion. *See State v. Williams*, 51 N.C. App. 613, 277 S.E. 2d 546 (1981).

[2] Defendant further contends there was no competent evidence to support the findings that (1) he had the ability to comply with the child support order, and (2) he had wilfully failed to exercise his capacity to earn. A careful examination of the record constrains us to agree. While the evidence establishes that defendant was physically able to work, it does not establish that work was available to him. On the contrary, his testimony indicates that he was a draftsman who had moved from Massachusetts to North Carolina because of lack of employment opportunities resultant upon depression in the construction industry; that his efforts in North Carolina "to get a direction on who is doing what in construction business and what job possibilities there were ha[d] taken some . . . period of time"; and that he had a total of $24.00 in his bank account at the time of the hearing. There was no

evidence to counter the testimony by defendant that he had been unemployed, seeking work, and "unable to make those payments."

Absent evidence refuting testimony that failure to pay as ordered was due to lack of financial means, the record does not support a finding that the failure was wilful. *Lamm v. Lamm*, 229 N.C. 248, 49 S.E. 2d 403 (1948). *See also Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966). A finding, supported by competent evidence, that the alleged contemnor was capable of compliance, or of taking reasonable measures that would enable him to comply, is prerequisite to punishment for civil contempt for noncompliance with support orders. *See Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981); *Frank v. Glanville*, 45 N.C. App. 313, 262 S.E. 2d 677 (1980). There was no competent evidence to support such a finding here.

[3] Defendant finally contends the conclusion that he was in contempt for failure to produce his financial records was not based on findings of fact supported by competent evidence. We disagree. The court found as facts that defendant (1) "failed to bring any of the requested documents to Court as ordered" and (2) "has the present ability to comply . . . with respect to production of documents." These findings are supported by the following testimony of defendant: "I do not have with me my 1979 State and Federal Income Tax Returns along with some bank accounts, cancelled checks, financial statements, a list of my tangible and intangible property. The information has been prepared, but is not present in court." Because they are supported by competent evidence, the findings are conclusive on appeal. *Worthington v. Worthington*, 27 N.C. App. 340, 219 S.E. 2d 260 (1975), *cert. denied*, 289 N.C. 142, 220 S.E. 2d 801 (1976).

These findings were sufficient to sustain the order adjudging defendant in contempt. When findings which are supported by competent evidence are sufficient to support a judgment, the judgment will not be disturbed on the ground that another finding, which does not affect the conclusion, is not supported by evidence. *Industries, Inc. v. Construction Co.*, 29 N.C. App. 270, 224 S.E. 2d 266, *cert. denied*, 290 N.C. 551, 226 S.E. 2d 509 (1976). *See also Bailey v. Light Co.*, 212 N.C. 768, 195 S.E. 64 (1938).

The order is thus modified to remove the findings, together with the conclusions and orders based thereon, that defendant

had the ability to comply with the child support order and wilfully failed to exercise his capacity to earn; and as modified, is affirmed.

Modified and affirmed.

Judges CLARK and BECTON concur.