### JANET McCULLOUGH v. JAMES JOHNSON

No. 9426DC239

(Filed 7 March 1995)

**Parent and Child § 37 (NCI4th)— retroactive child support— insufficiency of findings**

An order for retroactive child support was not supported by sufficient findings where it did not include findings with regard to the actual expenditures made on behalf of the child for the period in question, nor was there a determination that the actual expenditures were reasonably necessary.

**Am Jur 2d, Parent and Child §§ 69 et seq.**

Appeal by defendant from judgment entered 25 August 1993 by Judge H. William Constangy in Mecklenburg County District Court. Heard in the Court of Appeals 30 January 1995.

Plaintiff and defendant are the parents of an illegitimate child born 23 February 1991. In August 1992 plaintiff instituted an action to establish paternity and child support. Defendant did not reply to the complaint. On 30 November 1992 a default judgment was entered against defendant on the paternity claim.

On 28 December 1992 defendant was served with notice of a hearing to establish child support payments. On 8 January 1993 the trial judge received evidence pertaining to the parties' expenses, debts, estates, and income. The trial judge entered an order in open court establishing the amount of prospective child support, retroactive child support, and the payment schedule. Subsequently an order was filed that contained the judge's findings of fact and conclusions of law. From this order defendant appeals.

*Timothy M. Stokes for plaintiff appellee.*

*Michael S. Scofield and Mary V. Carrigan for defendant appellant.*

ARNOLD, Chief Judge.

Defendant argues that the trial judge's sole finding related to retroactive child support is actually a conclusion of law, and, therefore, the order for retroactive child support is not supported by the findings.

The judge's only finding related specifically to retroactive child support was "6. A reasonable amount of past child support, for the period September 1, 1992, through December 31, 1992, is $500 per month." Defendant is correct in his contention that this finding is a conclusion and is therefore insufficient to support the order for retroactive child support. Determining what is reasonable requires an exercise of judgment and is therefore a conclusion of law. *Plott v. Plott*, 313 N.C. 63, 326 S.E.2d 863 (1985).

Findings in support of an award of retroactive child support must include the actual expenditures made on behalf of the child between September and December 1992. *See Savani v. Savani*, 102 N.C. App. 496, 403 S.E.2d 900 (1991). The judge must also determine that the actual expenditures were reasonably necessary. *Id.* Because the order for retroactive child support is not supported by sufficient findings we reverse and remand for a new hearing at which the parties may present additional evidence if necessary. Addressing defendant's lack-of-notice issue is unnecessary because defendant presumably will be properly served with notice of the new hearing.

Reversed and remanded.

Judges WYNN and MARTIN, JOHN C., concur.