TRACEY KYLES BROOKER, PLAINTIFF v. CHRISTOPHER CHARLES BROOKER
DEFENDANT

No. COA98-867

(Filed 18 May 1999)

**1. Child Support, Custody, and Visitation— child support— venue—motion for change denied—no abuse of discretion**

The trial court did not abuse its discretion in a child support modification proceeding by denying a motion for change of venue where the original child support order was filed in Iredell County and defendant contended in his motion to transfer that he had relocated to Forsyth County and that plaintiff had relocated to Wilkes County. Iredell is essentially located between Forsyth County and Wilkes County and is in relatively close proximity to both.

**2. Child Support, Custody, and Visitation— child support— modification—changed circumstances—findings**

The trial court properly concluded that a substantial change in circumstances existed justifying modification of a child support order where the court's findings that the needs of the minor child and the needs of the plaintiff to support the child had increased were amply supported by undisputed evidence.

**3. Child Support, Custody, and Visitation— child support— modification—deviation from Guidelines**

A trial court order modifying child support was remanded for findings concerning the reasonable needs of the child, the relative ability of the parents to support the child, and a determination of whether a variation from the Guidelines is appropriate on those grounds.

Appeal by defendant from order filed 20 February 1998 by Judge Jimmy L. Myers, in Iredell County District Court. Heard in the Court of Appeals 27 April 1999.

*Homesley, Jones, Gaines, Homesley & Dudley, by L. Ragan Dudley, for plaintiff-appellee.*

*Morrow Alexander Tash Long & Kurtz, by C.R. "Skip" Long, Jr., for defendant-appellant.*

GREENE, Judge.

Christopher Charles Brooker (Defendant) appeals from the trial court's order increasing his child support obligation from $250.00 to $446.00 per month.

Defendant and Tracey Kyles Brooker (Plaintiff) were married on 29 July 1989 and divorced on 25 March 1996. On 5 November 1993, one minor child was born of the marriage. The Iredell County District Court entered a consent judgment on 13 December 1995 in which Defendant agreed to pay child support in the amount of $250.00 per month.

On or about 8 April 1997, Plaintiff filed a motion, in Iredell County District Court, for an increase in Defendant's child support obligation. Defendant subsequently filed notice that "he intends to request a continued deviation from the child-support guidelines, and it will therefore be necessary to inquire as to the parties' reasonable living expenses as well as to the child's reasonable needs." In addition, Defendant filed a motion for change of venue on the grounds that "plaintiff is now a resident of Wilkes County, while defendant is a resident of Forsyth County," noting that "neither party nor the minor child [currently] resides in Iredell County."

Because tapes of the hearings on the parties' motions were deemed unuseable, the parties prepared a narrative statement of the testimony presented at the hearings for the record on appeal. See N.C. R. App. P. 9(c)(1). The record, including this narrative statement, reveals that Plaintiff and the minor child lived with Plaintiff's grandmother when the consent judgment setting child support was entered. At that time, Plaintiff earned approximately $1,190.00 (net) per month. From this amount, Plaintiff paid her grandmother $100.00 per month for rent and paid "about $35.00" per month in "grocery and school" expenses for the minor child. In addition, her grandmother provided daycare for the minor child. Since that time, however, Plaintiff's net monthly income has increased to $1,415.00 per month; in addition, she receives coaching supplements in the amount of $700.00 per semester. Plaintiff and the minor child have moved out of her grandmother's home, and Plaintiff's rent is now $270.00 per month. Plaintiff's grocery bills, at the time of the hearing, were $90.00 per month, and the minor child's daycare expenses were $65.00 per month. In addition, "the minor child is now becoming involved in recreation department activities that costs [sic] between $35.00 and $50.00 per month."

The record reveals that Defendant's income at the time of the consent judgment was "substantial," but does not reveal the actual amount. Defendant testified that his current gross income is $28,296.00, and that he "now has a roommate with whom he share[s] expenses." Defendant calculated his total monthly expenses (including the existing $250.00 child support obligation) at $1,915.00.

After hearing all the evidence presented by the parties, the Iredell County District Court made the following pertinent findings of fact:

4. That on or about the 13th day of December, 1995, the parties entered into a Consent Judgment filed in the District Court Division, Iredell County, North Carolina; and that said Consent Judgment established jurisdiction before this court and retained jurisdiction over the parties and subject matter herein . . . .

5. That since entry of the prior Order, the plaintiff has moved to Wilkes County, and the defendant has moved to Forsyth County; and that Iredell County is the most convenient forum for witnesses and the parties and the minor child.

6. That there has been a substantial change of circumstances with respect to the needs of the minor child and the needs of the plaintiff to support the minor child since the aforesaid Consent Judgment was entered; that over two years have passed during which time the defendant and the plaintiff have received salary increases so that the defendant's gross salary is $28,296.00 and the plaintiff's gross salary, including supplements, is $29,412.00; and that the defendant's financial situation is now more stable than the date of the entry of the Consent Judgment as based upon the testimony and affidavits of the parties.

. . . .

8. That the minor child is now 4 years old and has advanced in age so that her needs have greatly increased as based upon testimony of the plaintiff and the plaintiff's affidavit.

9. . . . [T]hat there is a deviation [between Defendant's current child support payment and the] existing North Carolina Child Support Guidelines [(Guidelines)] of 78 percent.

The trial court made no specific findings as to the actual expenses of Plaintiff and/or the parties' minor child. The trial court did, however, make a detailed finding as to Defendant's expenses and found some of Defendant's claimed expenses to be either "unnecessary," "exorbi-

tant," or unverified. The trial court was "not persuaded by the evidence of the defendant that the defendant is unable to meet the calculated child support obligation in the amount [of] $446.00 per month."

Based on its findings, the trial court concluded that "there exist a substantial changes [sic] in circumstances warranting a modification of the prior Consent Judgment of this Court." The trial court further concluded that Defendant "has failed to overcome the presumption of the [Guidelines] and is not entitled to a deviation therefrom." Accordingly, the trial court entered an order on 20 February 1998 denying Defendant's motion for a change of venue and increasing Defendant's child support obligation to $446.00 per month pursuant to the Guidelines.

The issues are whether: (I) the trial court abused its discretion in denying Defendant's motion for a change of venue; (II) the trial court's findings of fact support the conclusion of law that changed circumstances exist; and (III) the trial court made sufficient findings of fact to deny Defendant's request for deviation from the Guidelines.

I

[1] Where custody and support have been determined by the trial court and a party seeks modification of the custody and support order, "the court first obtaining jurisdiction retains jurisdiction to the exclusion of all other courts and is the only proper court to bring an action for the modification of an order establishing custody and support." *Tate v. Tate*, 9 N.C. App. 681, 682-83, 177 S.E.2d 455, 457 (1970). That court may, in its discretion, enter an order transferring venue to another court for the convenience of the parties, the convenience of the witnesses, and/or in the best interest of the child. *Broyhill v. Broyhill*, 81 N.C. App. 147, 149, 343 S.E.2d 605, 606 (1986).

In this case, the original child support order was filed in Iredell County District Court. Iredell County District Court is therefore the proper forum for motions to modify that order. In his motion to transfer, Defendant contended he had relocated to Forsyth County and Plaintiff had relocated to Wilkes County. Iredell County is, essentially, located between Forsyth County and Wilkes County and is in relatively close proximity to both. Accordingly, the trial court did not abuse its discretion by denying Defendant's motion to transfer venue to Forsyth County based on its determination that the Iredell County District Court remained the most convenient forum.

BROOKER v. BROOKER

[133 N.C. App. 285 (1999)]

## II

**[2]** An existing child support order may not be modified absent a showing of changed circumstances. N.C.G.S. § 50-13.7(a) (1995). The determination of whether changed circumstances exist is a conclusion of law. *See In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (noting that any determination requiring the exercise of judgment or the application of legal principles is a conclusion of law); *cf. Wiggs v. Wiggs*, 128 N.C. App. 512, 514, 495 S.E.2d 401, 403 (changed circumstances determination is a conclusion of law in custody cases), *disapproved of on other grounds by Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998); *Britt v. Britt*, 49 N.C. App. 463, 470, 271 S.E.2d 921, 926 (1980) (changed circumstances determination is a conclusion of law in alimony cases). Where the moving party is relying on either an increase or decrease in the child's needs to establish changed circumstances, she has the burden of "showing the child's expenses both at the time the original support order was entered and at the present time." *Davis v. Risley*, 104 N.C. App. 798, 800, 411 S.E.2d 171, 173 (1991). There is no need for the trial court to make specific, or evidentiary, findings of fact reciting the child's past and present expenses.[1] The trial court is required, however, to make ultimate findings necessary to resolve material disputes in the evidence. The trial court is likewise required to make an ultimate finding as to whether the needs of the child have increased or decreased since entry of the prior order to support a changed circumstances conclusion on that ground.

In this case, the trial court found that "the needs of the minor child and the needs of the plaintiff to support the minor child [had increased] since the aforesaid Consent Judgment was entered," and that the minor child's needs "have greatly increased." These ultimate findings support the conclusion that changed circumstances exist, and are themselves amply supported by undisputed evidence revealing that daycare expenses for the minor child have increased by

---

1. We note that cases decided prior to the imposition of the presumptive Guidelines required the trial court to "make findings of specific fact on the actual past expenditures for the minor child, the present reasonable expenses of the minor child, and the parties' relative abilities to pay" prior to modifying an existing child support order. *See, e.g., Mullen v. Mullen*, 79 N.C. App. 627, 630, 339 S.E.2d 838, 840 (1986); *Norton v. Norton*, 76 N.C. App. 213, 216, 332 S.E.2d 724, 727 (1985). This requirement must be read in light of the then-existing statutory structure allowing trial courts to set child support amounts in their discretion based on the particular facts of each case. Specific findings were not necessary, even then, to support the trial court's changed circumstances conclusion; rather, specific findings were required for effective appellate review of the discretionary child support amount.

$65.00 per month, recreation expenses for the minor child have increased by $35.00 to $50.00 per month, and the amount Plaintiff must expend for rent and groceries has increased from $135.00 to $360.00 per month. Accordingly, the trial court properly concluded that a substantial change in circumstances exists justifying modification of the child support order.

We note that the trial court's finding that Defendant's initial child support obligation deviated from the current Guidelines by 78 percent is irrelevant and cannot support the conclusion that changed circumstances existed, because less than three years had elapsed since entry of the consent judgment setting Defendant's child support obligation. *See* Child Support Guidelines, 1999 Ann. R. N.C. 34 ("If the order is less than three years old, this presumption [of a substantial change in circumstances based on a 15 percent deviation from the Guidelines] does not apply."); *Wiggs*, 128 N.C. App. at 515-16, 495 S.E.2d at 404. In cases where such a finding was the trial court's only finding supporting a conclusion of changed circumstances, we would be required to reverse. In this case, however, the trial court's finding that the child's needs have "greatly increased" amply supports the conclusion that changed circumstances exist. *See Self v. Self*, 55 N.C. App. 651, 654, 286 S.E.2d 579, 582 (1982) ("When findings which are supported by competent evidence are sufficient to support a judgment, the judgment will not be disturbed on the ground that another finding, which does not affect the conclusion, [is erroneous].").

III

[3] Once changed circumstances have been shown, the trial court should "compute the appropriate amount of child support" pursuant to the Guidelines then in effect. *Hammill v. Cusack*, 118 N.C. App. 82, 86, 453 S.E.2d 539, 542, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995). The child support amounts provided in the Guidelines are presumptive, N.C.G.S. § 50-13.4(c1) (Supp. 1998); Child Support Guidelines, 1999 Ann. R. N.C. 32; therefore, the trial court is generally not "required to take any evidence, make any findings of fact, or enter any conclusions of law 'relating to the reasonable needs of the child for support and the relative ability of each parent to [pay or] provide support'" in setting the support amount, *Browne v. Browne*, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740 (1991) (quoting § 50-13.4(c)). "[U]pon the request of any party [for a deviation from the Guidelines, however,] the Court shall hear evidence, and from the evidence, find the facts relating to the reasonable needs of the child

IN THE COURT OF APPEALS

BROOKER v. BROOKER

[133 N.C. App. 285 (1999)]

for support and the relative ability of each parent to provide support."
N.C.G.S. § 50-13.4(c); *Browne*, 101 N.C. App. at 623, 400 S.E.2d at 740.
If the trial court "finds by the greater weight of the evidence that the
application of the [G]uidelines would not meet or would exceed the
reasonable needs of the child . . . or would be otherwise unjust or
inappropriate," then it may deviate from the Guidelines. N.C.G.S.
§ 50-13.4(c); Child Support Guidelines, 1999 Ann. R. N.C. 32 ("The
Court may deviate from the Guidelines in cases where application
would be inequitable to one of the parties or to the child(ren)."). This
deviation must likewise be supported by "findings of fact as to the cri-
teria that justify varying from the [G]uidelines and the basis for the
amount ordered." N.C.G.S. § 50-13.4(c); Child Support Guidelines,
1999 Ann. R. N.C. 32 ("If the Court orders an amount other than the
amount determined by application of the Guidelines, the Court must
make written findings of fact that justify the deviation, that state the
amount of the award which would have resulted from application of
the Guidelines, and that justify the amount of support awarded by the
Court.").

In this case, Defendant requested a variation from the Guidelines.
Although the trial court made findings as to the reasonableness of
some of Defendant's claimed expenses, it did not make findings as to
the reasonable needs of the parties' minor child or of the parties' rel-
ative ability to provide support. *See Norton v. Norton*, 76 N.C. App.
213, 218, 332 S.E.2d 724, 728 (1985) ("[E]vidence of, and findings of
fact on, the parties' income, estates, and present reasonable expenses
are necessary to determine their relative abilities to pay."). Such find-
ings are required by section 50-13.4(c) upon a party's request for a
deviation from the Guidelines. Accordingly, we must remand the trial
court's modification order for findings concerning the reasonable
needs of the child, the relative ability of the parents to support the
child, and a determination of whether a variation from the Guidelines
is appropriate on these grounds.

Affirmed in part, reversed in part, and remanded.

Judges MARTIN and McGEE concur.