WALKER LEE ALLEN, III, Plaintiff.
v.
ALLISON ELIZABETH ALLEN, Defendant.
No. COA09-73
Court of Appeals of North Carolina.
Filed: November 17, 2009.
This case not for publication
J. Randal Hunter for plaintiff-appellee.
Mills & Economos, L.L.P., by Cynthia A. Mills for defendant-appellant.
ROBERT C. HUNTER, Judge.
Allison Elizabeth Allen ("defendant") appeals the district court's 26 September 2008 Custody Order in which Walker Lee Allen, III ("plaintiff") was awarded permanent custody of the parties' three minor children, and defendant was ordered to pay $716.00 per month in child support. After careful review, we affirm in part, reverse in part, and remand for further proceedings not inconsistent with this opinion, including the taking of additional testimony regarding defendant's income.

Background
The parties married on 28 October 1995, separated on 25 February 2003, and subsequently divorced. On 21 June 2004, the parties entered into a Consent Order which provided that the parties would have joint legal custody of their three minor children, and defendant would have primary physical custody.
On 24 March 2006, plaintiff filed a Motion in the Cause seeking modification of the 21 June 2004 Consent Order. In the motion, plaintiff requested a temporary custody order, as well as permanent custody and support of the minor children. Plaintiff alleged, inter alia, the following change in circumstances since the Consent Order was filed: (1) defendant was unable to maintain a stable residence; (2) defendant had violated the Consent Order by moving, or planning to move, out of Pitt County and into Beaufort County; (3) defendant had interfered with plaintiff's visitation privileges; (4) defendant was financially irresponsible; and (5) defendant had an unstable social life. Plaintiff claimed that "it [was] in the best interest and general welfare of these children that their care, custody and control be entrusted to the plaintiff."
On 24 March 2006, a Temporary Custody Order was entered ex parte, giving plaintiff immediate custody of the minor children. On 30 March 2006, a Memorandum of Judgment was entered in which the parties agreed that plaintiff would maintain custody of the children pending a hearing in the matter and that defendant would have visitation rights.
On 27 May through 29 May 2008, and 4 June 2008, a hearing was held regarding plaintiff's Motion in the Cause. On 26 September 2008, the trial court entered a Custody Order, which provided that plaintiff would maintain permanent custody of the minor children, and defendant would have visitation rights. Defendant was ordered to pay $716.00 per month in child support beginning 1 June 2008. Plaintiff's request for attorney fees was denied. Defendant appealed to this Court.

Analysis

I.
Defendant contends that: (1) the trial court erred in failing to make findings of fact and conclusions of law that there had been a substantial change in circumstances, since entry of the Consent Order, affecting the welfare of the children; and (2) the evidence presented would not support a conclusion of law that the changed circumstances actually affected the welfare of the children.
"It is well established in this jurisdiction that a trial court may order a modification of an existing child custody order between two natural parents if the party moving for modification shows that a substantial change of circumstances affecting the welfare of the child warrants a change in custody." Shipman v. Shipman, 357 N.C. 471, 473, 586 S.E.2d 250, 253 (2003) (quotation marks omitted); N.C. Gen. Stat. § 50-13.7(a) (2007) (establishing that custody orders "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ."). "[I]f the trial court does indeed determine that a substantial change in circumstances affects the welfare of the child, it may only modify the existing custody order if it further concludes that a change in custody is in the child's best interests."[1]Shipman, 357 N.C. at 474, 586 S.E.2d at 253.
If we determine that the trial court has properly concluded that the facts show that a substantial change of circumstances has affected the welfare of the minor child and that modification was in the child's best interests, we will defer to the trial court's judgment and not disturb its decision to modify an existing custody agreement.
Id. at 475, 586 S.E.2d at 254.
As detailed in Shipman, the trial court is to follow a two-part analysis in determining whether a modification of a custody order is justified. Id. First, the trial court must determine whether there has been a substantial change in circumstances affecting the welfare of the children involved, and if so, the trial court then must determine whether a modification of custody is in the children's best interest. Id. "Because these determinations involve an exercise of judgment and an application of legal principles, they are appropriately classified as conclusions of law." Johnson v. Adolf, 149 N.C. App. 876, 878, 561 S.E.2d 588, 589 (2002). The burden of establishing a substantial change in circumstances rests on the party seeking modification. Gilmore v. Gilmore, 42 N.C. App. 560, 563, 257 S.E.2d 116, 118 (1979); Evans v. Evans, 138 N.C. App. 135, 139, 530 S.E.2d 576, 579 (2000).
Here, the trial court determined that it was in the children's best interest to remain in the permanent custody of plaintiff, but failed to first determine that there had been a substantial change in circumstances affecting the welfare of the children. In reviewing the evidence and the trial court's findings of fact, we conclude that there was sufficient evidence for the trial court to determine that there had been a substantial change in circumstances affecting the welfare of the children, but we decline to make assumptions about the trial court's ultimate determination. As discussed infra, we remand this case because the trial court's finding of fact with regard to defendant's income was not supported by the evidence. On remand we instruct the trial court to clarify its determination as to a substantial change in circumstances affecting the children by including an appropriate conclusion of law.[2]

II.
We will now address defendant's arguments concerning the amount of child support she was ordered to pay, though application of this analysis will only occur if the trial court first determines on remand that there was a substantial change in circumstances affecting the welfare of the children. See McGee v. McGee, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 536 ("The court must first determine a substantial change of circumstances has taken place; only then does it proceed to apply the Guidelines to calculate the applicable amount of support."), disc. review denied, 340 N.C. 359, 458 S.E.2d 189 (1995).
Defendant contends that the evidence presented at trial did not support the trial court's finding of fact that: "At her present job, [defendant] earns $2,773.00 per month." The trial court used this figure to calculate the amount of child support defendant is now required to pay per month. Defendant claims that the evidence showed that she earned $2,080.00 per month at the time of the hearing.
The North Carolina Child Support Guidelines (the "Guidelines") state:
Child support calculations under the guidelines are based on the parents' current incomes at the time the order is entered.
Income statements of the parents should be verified through documentation of both current and past income. Suitable documentation of current earnings . . . includes pay stubs, employer statements, or business receipts and expenses, if self-employed. Documentation of current income must be supplemented with copies of the most recent tax return to provide verification of earnings over a longer period.
N.C. Child Support Guidelines, 2006 Ann. R. N.C. 43; see also Ellis v. Ellis, 126 N.C. App. 362, 364, 485 S.E.2d 82, 83 (1997) (noting that "child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified"). These Guidelines "apply as a rebuttable presumption in all legal proceedings involving the child support obligation of a parent . .. ." N.C. Child Support Guidelines, 2006 Ann. R. N.C. 41. "We review a trial court's child support orders under an abuse of discretion standard, and failure to follow the Child Support Guidelines without support of proper findings of fact constitutes reversible error." Holland v. Holland, 169 N.C. App. 564, 567, 610 S.E.2d 231, 234 (2005) (citation omitted).
At the hearing in this matter, defendant testified that she had been employed by Rivers & Associates since the last week of March 2008. She further testified that she had a flexible work schedule and worked 30 hours a week at a rate of $16.00 per hour. Based on this testimony, defendant earned $480.00 per week, or an average of $2,080.00 per month. It appears that the trial court's finding that defendant earned $2,773.00 per month was based on a 40-hour work week as opposed to a 30-hour work week.
Defendant failed to provide "suitable documentation of current earnings[,]" as required by the Guidelines; however, plaintiff's evidence supports defendant's claim. Plaintiff's exhibit 11 consists of copies of defendant's pay stubs in which she was paid bi-weekly as follows: (1) on 25 April 2008, defendant was paid a gross income of $1,012.00 for 63.25 hours of work; (2) on 9 May 2008, defendant was paid a gross income of $952.00 for 59.50 hours of work; and (3) on 23 May 2008, defendant was paid a gross income of $824.00 for 51.50 hours of work. Accordingly, defendant worked an average of 29.041 hours per week based on the evidence presented. No evidence was presented at the hearing to support a finding that plaintiff worked 40 hours a week at $16.00 per hour, or $2,773.00 per month.
In sum, we find that the trial court's finding of fact that defendant earned $2,773.00 per month was not supported by the evidence. We therefore remand this case with instruction for the trial court to recalculate defendant's income as of the time of the Custody Order and to adjust the award of child support accordingly. The trial court may take additional testimony from the parties and review additional evidence concerning defendant's income if necessary.

III.
Finally, defendant argues that the trial court erred in ordering her to pay a portion of the children's private school tuition because: (1) the tuition was an extraordinary expense, and the trial court did not determine that the expense was reasonable, necessary, and in the children's best interests as required by the Guidelines; (2) she is not required to pay any extraordinary expenses due to her income level; and (3) the parties themselves were not responsible for making the tuition payments.
First, defendant points to the Guidelines, which state that expenses related to private school education "may be added to the basic child support obligation and ordered paid by the parents in proportion to their respective incomes if the court determines the expenses are reasonable, necessary, and in the child's best interest." N.C. Child Support Guidelines, 2006 Ann. R. N.C. 45. Defendant argues that the trial court failed to make findings of fact as to whether private school was reasonable, necessary, and in the children's best interest. This argument is without merit.
In Biggs v. Greer, 136 N.C. App. 294, 298, 524 S.E.2d 577, 581-82 (2000), this Court held that the district court is not required to make findings of fact to support the classification of private school tuition as an extraordinary expense under the Guidelines. "[I]ncorporation of such adjustments into a child support award does not constitute deviation from the Guidelines, but rather is deemed a discretionary adjustment to the presumptive amounts set forth in the Guidelines." Id. Here, as in Biggs, "the trial court was under no obligation to render findings of fact because it did not deviate from the presumptive Guidelines, but rather adjusted the Guideline amounts to account for the extraordinary expense of private schooling." Id. at 298, 524 S.E.2d at 582.
Moreover, based on the parties' testimony, the trial court made the following undisputed finding of fact:
The [school] tuition is $1,032.00 per month and they have a $100.00 per month uniform fee.. . . Both parents testified that it is in the best interest in [sic] the children to continue at St. Peters and they both believe that the children are prospering from this private school education. Both of them expressed the desire to have the children continue at St. Peters.
Defendant was ordered to pay 17.6% of this expense based on her percentage share of income. Clearly, defendant believed at the time of the hearing that private school was a necessary expense, and she wanted the children to remain enrolled there. On appeal, defendant claims that just because she wanted the children to go to St. Peters does not mean that she wanted to pay for it. Nevertheless, based on her testimony, we conclude that defendant acquiesced to paying her share of the children's private school tuition at the hearing.
Next, defendant claims that a gross income of $2,080.00 per month places her in the "shaded area" of the Guidelines Schedule, which means that she is not required to pay extraordinary expenses, such as tuition. The Guidelines state that if an obligor's income falls within the shaded area, thus qualifying for the self-support reserve provision, "childcare and health insurance premiums should not be used to calculate the child support obligation." N.C. Child Support Guidelines, 2006 Ann. R. N.C. 42. There is no mention of excluding extraordinary expenses, such as tuition.[3] We have left recalculating defendant's gross income to the trial court; however, even if defendant's gross income is within the shaded area, pursuant to the Guidelines, she is still obligated to pay her portion of the children's tuition.
Finally, defendant claims that since the children's grandparents have assumed responsibility for the tuition, she cannot be required to pay a portion of that expense. The evidence shows that plaintiff's parents assisted with the children's tuition in the past when defendant failed to make payments but that the present obligation to pay tuition is that of the parents jointly. Accordingly, defendant cannot escape her obligation to pay her share as ordered.

Conclusion
Based on the foregoing, we hold that the trial court did not err in ordering defendant to pay a portion of the children's private school tuition; the trial court did not properly determine whether there had been a substantial change in circumstances affecting the welfare of the children; and the trial court erred in calculating defendant's gross income. Therefore, we affirm in part, reverse in part, and remand for further proceedings not inconsistent with this opinion, including the taking of additional testimony regarding defendant's income.
Affirmed in part, reversed in part, and remanded.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).
NOTES
[1] The trial court concluded as a matter of law that granting plaintiff permanent custody was in the children's best interest. Defendant does not argue that this conclusion was not supported by the evidence.
[2] We note that recent case law indicates that this Court will not reverse an order in which the "buzz words" "affect on the children" are absent so long as the order as a whole demonstrates an obvious affect on the children. Carlton v. Carlton, 145 N.C. App. 252, 263, 549 S.E.2d 916, 924 (Tyson, J., dissenting) (holding that the findings included within the order "taken as a whole" adequately demonstrated the connection between the change in circumstances and the welfare of the child even though the words "affected the minor child" were not used), rev'd per curiam, 354 N.C. 561, 557 S.E.2d 529 (2001), cert. denied, 536 U.S. 944, 122 S. Ct. 2630, 153 L. Ed. 2d 811 (2002); see also Lang v. Lang, __ N.C. App. __, __, 678 S.E.2d 395, 398 (2009) ("Where the `effects of the substantial changes in circumstances on the minor child . . . are self-evident,' there is no need for evidence directly linking the change to the effect on the child.") (quoting Shipman, 357 N.C. at 478-79, 586 S.E.2d at 256); Karger v. Wood, 174 N.C. App. 703, 709, 622 S.E.2d 197, 202 (2005) (To require certain "buzz words" would "place form over substance. When determining whether the findings are adequate, this Court examines the entire order."). While the holdings of these cases, which strictly dealt with the words "affect on the children," suggest that the absence of the words "substantial change in circumstances" may not result in reversible error, we have found no case law directly on point and we decline to address the issue at this time.
[3] Aside from citing the Guidelines, defendant cites no authority to support her contention that qualifying for the self-support reserve means that she is not obligated to pay extraordinary expenses.