PEGGY JACKSON (HAWKS), PLAINTIFF v. HARVEY JACKSON, DEFENDANT

No. 9010DC641

(Filed 16 April 1991)

**Divorce and Separation § 448 (NCI4th)— child support—disabled child—discontinuance of support**

The trial court correctly set aside an order requiring defendant to support his disabled nineteen-year-old child even though plaintiff contended that defendant had agreed to do so in a consent judgment, because the parties had only agreed that they were obligated under the law to continue supporting the child. Defendant's obligation to continue supporting the child beyond its minority has been abrogated by the General Assembly, and he has not contracted to continue the payments apart from that obligation.

**Am Jur 2d, Divorce and Separation §§ 1022, 1049.**

APPEAL by plaintiff from order entered 23 March 1990, *nunc pro tunc* 13 March 1990, by *Judge Stafford G. Bullock* in WAKE County District Court. Heard in the Court of Appeals 13 December 1990.

Plaintiff's appeal is from an order that holds in effect that defendant is not required to support the parties' daughter, Sharon Marie Jackson, who has been paralyzed from her rib cage down since her birth in August, 1969. In 1977 when they were divorced the parties entered into a consent judgment which required defendant to pay $250 a month for the support and medical expenses of their two minor children until the older child reached the age of 18 years and provided that at that time the payments "may be reduced by agreement of the parties or may be subject to further Orders of the Court." The older child became 18 in 1980 and is not involved in the appeal. In April, 1989 when the child Sharon was 19 years old and defendant was paying $225 a month

toward her support, the court upon plaintiff's motion increased
defendant's payments to $435 per month. In February, 1990, under
the provisions of Rule 60(b)(5) and (6), N.C. Rules of Civil Procedure,
defendant moved for relief from that order upon the ground that
it was entered under the mistaken impression that our law still
obligates a parent to support a child who is mentally or physically
incapable of supporting itself regardless of age. In ruling on the
motion the court recognized that G.S. 50-13.8, which required parents
to continue supporting their disabled children beyond their minor-
ity when the consent judgment was entered, was amended in 1979
to eliminate that obligation, *Yates v. Dowless*, 93 N.C. App. 787,
379 S.E.2d 79, *aff'd*, 325 N.C. 703, 386 S.E.2d 200 (1989), and va-
cated the order on 23 March 1990. Plaintiff's appeal is from the latter
order.

*Young, Moore, Henderson & Alvis, P.A., by Harold G. Hall
and Catherine T. Rockermann, for plaintiff appellant.*

*William E. Brewer, Jr. for defendant appellee.*

PHILLIPS, Judge.

Plaintiff concedes that nothing else appearing our law does
not now require parents to support their disabled children after
they are of age. Her contention is that the order requiring defend-
ant to support the child was erroneously vacated because by the
consent judgment he had contracted to continue supporting the
child and that under *Layton v. Layton*, 263 N.C. 453, 139 S.E.2d
732 (1965), *Harding v. Harding*, 29 N.C. App. 633, 225 S.E.2d 590,
*disc. review denied*, 290 N.C. 661, 228 S.E.2d 452 (1976), and other
decisions of our Courts, the trial court had authority to modify
the consent judgment as changing circumstances warranted. That
a parent can contract, either by a consent judgment or otherwise,
to support a child beyond its minority is well established; but
in our opinion defendant did not so contract by the following con-
sent judgment provision that plaintiff relies upon:

I. It is understood and agreed that nothing in this Judg-
ment shall effect [sic] the obligation of either party to provide
for the continued support and/or necessary medical expenses
and necessities of Sharon Marie Jackson beyond the age of
her majority and that all matters pertaining to her support
and maintenance are subject to further Orders of the Court.

The only thing that the parties agreed to in this provision, it seems to us, was that they were obligated under the law to continue supporting the child; it cannot be construed as an agreement to continue supporting her independent of that obligation. Since defendant's obligation to continue supporting the child beyond its minority had been abrogated by the General Assembly and he had not contracted to continue the payments apart from that obligation, the order requiring him to continue supporting the child had no legal basis, as the trial court correctly ruled in setting it aside.

Affirmed.

Judges EAGLES and WYNN concur.