JOHN R. HENDRICKS, JR. v. DEBORAH GAIL SANKS

No. COA00-91

(Filed 15 May 2001)

1. **Child Support, Custody, and Visitation— support—child reached age of eighteen but still in school—subject matter jurisdiction**

    The trial court did not lack subject matter jurisdiction in a child support case even though defendant mother contends her child with Down's Syndrome had reached the age of eighteen prior to the hearing and was not otherwise entitled to support under N.C.G.S. § 50-13.4, because: (1) the child was still enrolled in school and attended his specialized program on a regular basis; and (2) testimony revealed the child's attendance at school is in his best interests, that he would continue to benefit in the future from the curriculum, and that he is making satisfactory academic progress toward a nontraditional graduation.

---

HENDRICKS v. SANKS

[143 N.C. App. 544 (2001)]

2. **Child Support, Custody, and Visitation— support—sufficiency of evidence—specific amount**

Although the trial court's order continuing child support obligation is supported by the findings of fact and conclusions of law, the trial court erred by failing to make the appropriate findings and conclusions on the issue of the specific amount of child support because: (1) no evidence was presented, nor were there findings made, concerning the reasonable needs of the child for support and the parents' ability to pay; (2) the trial court simply divided the original support obligation of $806.50 in half when one of the two children reached the age of eighteen and was not otherwise covered by N.C.G.S. § 50-13.4; (3) the remaining child has special needs and an amount higher than one-half of the original total may be appropriate; and (4) a lower amount may be mandated considering the income of the parties.

Appeal by defendant from judgment entered 27 September 1999 by Judge Bruce B. Briggs in Mitchell County District Court. Heard in the Court of Appeals 14 February 2001.

*Harrison & Poore, PA by Hal G. Harrison for plaintiff-appellee.*

*Hall & Hall by Douglas L. Hall for defendant-appellant.*

THOMAS, Judge.

There are two issues in this child support case.

The first issue is whether child support is required from the non-custodial parent where the child is over 18 years old, regularly attends high school but because of suffering from Down syndrome is not making progress toward a traditional diploma. The second question is whether, if child support is mandated, the trial court can set the amount by merely halving the sum due under a prior order where one of the two children earlier included has now moved beyond required support.

---

ity to close a street only if the entire length and breadth of the street is closed. Furthermore, in interpreting a statute permitting municipal corporations to "close any street or alley," the North Carolina Supreme Court has held that "[w]hether a street lies in a subdivision or is of other origin, the city may close all or part of it upon compliance with statutory procedure." *Wofford v. Highway Commission*, 263 N.C. 677, 684, 140 S.E.2d 376, 382 (citing N.C.G.S. § 160-200(11) (repealed 1972)), *cert. denied*, 382 U.S. 822, 15 L. Ed. 2d 67 (1965). We, therefore, overrule this assignment of error.

The facts of this case are as follows: John R. Hendricks, Jr. plaintiff, and Deborah Gail Sanks, defendant, are parents of two children. Pursuant to a court order entered 31 January 1991, plaintiff was awarded custody with defendant directed to pay child support in the amount of $806.50 per month.

Defendant filed a motion to modify her child support obligation in October 1997 alleging that their older child born 29 September 1979, Wesley Hendricks, was no longer subject to mandatory support from her. There was no issue as to her obligation to continue support for their second child, John Hendricks, III, born 18 May 1981. Then, in May 1999, defendant filed a motion to terminate support for the younger child since he, by that point, had reached his eighteenth birthday as well.

The two motions were finally heard together on 22 September 1999 but, during the interim between that date and the filing date of the first motion, defendant had on her own volition reduced child support payments by more than half.

The trial court granted defendant's motion as to Wesley, but denied the motion to terminate support as to John. John, while 18 years old and still attending high school, was not making progress toward a traditional, mainstream graduation. He had been born with Down syndrome and was in special classes within a traditional high school setting. According to plaintiff's evidence, however, he was regularly participating in a non-standard curriculum and was making satisfactory progress toward his own special type of graduation.

The trial court ordered defendant to continue making payments for the benefit of John and set the support at $403.25 per month. That amount is one-half of the total set for both children in the prior order. Support was to continue until John reached the age of 20 or graduated from Mitchell High School, whichever occurred first. From this order, defendant appeals.

[1] By her first assignment of error, defendant argues the trial court lacked subject matter jurisdiction in this case as the child had reached the age of 18 prior to the hearing and was not otherwise entitled to support pursuant to N.C. Gen. Stat. § 50-13.4. We disagree.

N.C. Gen. Stat. § 50-13.4 provides that a parent has a legal obligation of support until the child reaches the age of 18 except as noted:

If the child is still in primary or secondary school when the child reaches 18, support payments shall continue until the child graduates, otherwise ceases to attend school on a regular basis, fails to make satisfactory academic progress toward graduation, or reaches age 20, whichever comes first, unless the court in its discretion orders that payments cease at age 18 or prior to high school graduation.

N.C. Gen. Stat. § 50-13.4(c)(2) (1999). See also *Bridges v. Bridges*, 85 N.C. App. 524, 355 S.E.2d 230 (1987) and *Leak v. Leak*, 129 N.C. App. 142, 497 S.E.2d 702 (1998).

Defendant relies on *Jackson v. Jackson*, 102 N.C. App. 574, 402 S.E.2d 869 (1991) to argue that support for a mentally disabled child ends at that child's 18th birthday. This reliance is misplaced. We agree with the Court's holding in *Jackson* that "*nothing else appearing* our law does not now require parents to support their disabled children after they are of age." *Id.* at 575, 402 S.E.2d at 870 (emphasis added). However, in the instant case, there are other factors "appearing" which distinguish it from *Jackson*. We note that in *Jackson*, unlike the instant case, there was no evidence the child was still enrolled in school. If John were not mentally disabled but instead was enrolled in a traditional high school curriculum, it is clear support would be continued. To treat a mentally disabled child any differently than a mainstream child in terms of support obligations would be patently unfair, against public policy and not in keeping with the legislative directive. Here, John is enrolled in school and attending his specialized program on a regular basis.

In *Leak*, this Court determined that if a child is eighteen and enrolled in school, the obligor has an affirmative duty to move the court for termination of any support obligations on the ground that the child was failing to make satisfactory progress or was no longer in school. "In fact, to allow a parent to unilaterally determine whether a child is regularly attending school, or is making satisfactory progress towards graduation would undermine the purpose of this statute, which is to provide continuing child support for children in school." *Leak*, 129 N.C. App. at 143, 497 S.E.2d at 704. The defendant in the instant case properly filed her motion to terminate support rather than unilaterally ceasing payment. Therefore, the key question is whether John is making satisfactory academic progress toward graduation within the meaning of N.C. Gen. Stat. § 50-13.4(c)(2). John is mentally disabled and attending a special program at Mitchell High School which teaches vocabulary and activities of daily living such as

how to count money. It is undisputed that he will not receive a traditional diploma. However, testimony at trial by his teacher and school counselor showed John's attendance at school is in his best interests, that he would continue to benefit in the future from the curriculum and that he is making satisfactory academic progress toward a nontraditional graduation. As we find this is sufficient to comply with the requirements of N.C. Gen. Stat. § 50-13.4(c)(2) and confer jurisdiction on the trial court, we reject this assignment of error.

[2] By her second assignment of error, defendant argues the trial court's order continuing the child support obligation is not supported by findings of fact and conclusions of law. We disagree as to the sufficiency of the findings and conclusions to continue the child support obligation itself, but do hold the trial court erred as to its findings and conclusions or lack thereof on the issue of setting the specific amount of child support.

The trial court found that John is enrolled in school, is regularly attending and is receiving appropriate and needed education and training. He is satisfactorily progressing toward graduation. However, the trial court failed to support its monetary directive in any way and instead merely halved the earlier support obligation.

Child support orders are accorded substantial deference by appellate courts and we must limit our review to a "determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "Under this standard of review, a trial court's ruling will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Biggs v. Greer*, 136 N.C. App. 294, 296-97, 524 S.E.2d 577, 581 (2000).

The original child support order was issued to cover two children. Wesley reached the age of 18 and is not otherwise covered by the statute. Therefore, support is required only for John. The amount of child support due is to be determined using the North Carolina Child Support Guidelines (guidelines) unless the application of the guidelines would be inequitable. "To compute the appropriate amount of child support the trial court must rely upon the Guidelines wherein presumptive amounts of child support are set forth." *Biggs*, 136 N.C. App. at 297, 524 S.E.2d at 581. "Child support is to be set in such amount 'as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the

parties.' " *Blair v. Jackson*, 138 N.C. App. 284, 287, 531 S.E.2d 240, 243 (2000) (citing N.C. Gen. Stat. § 50-13.4(c)). "Child support set consistent with the Guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support." *Blair*, 138 N.C. App. at 287, 531 S.E.2d at 243. If the trial court determines that the application of the guidelines would be inequitable or otherwise deviates from the guidelines, "the court must hear evidence and find facts related to the reasonable needs of the child for support and the parents ability to pay." *Biggs*, 136 N.C. App. at 297, 524 S.E.2d at 581. No such evidence has been presented nor findings made. In this case, the trial court appears to have simply divided the original support obligation of $806.50 in half. There is no evidence in the record to show otherwise. Considering that John has special needs, it may well be that an amount higher than one-half of the original total is appropriate. Considering the income of the parties, which is also not included in the trial court's findings, a lower amount may be mandated.

Accordingly, we remand to the trial court for further findings of fact and conclusions of law consistent with this opinion. It is left in the trial court's discretion whether the taking of additional evidence is necessary.

AFFIRMED in part, REVERSED AND REMANDED in part.

Judges WYNN and McGEE concur.