[210 N.C. App. 420 (2011)]

IN THE MATTER OF: J.M.D

No. COA10-1001

(Filed 15 March 2011)

**Child Abuse, Dependency, and Neglect— permanency planning—findings of fact—custody with father—termination of juvenile court jurisdiction—no further presentation of evidence**

> The trial court erred on remand in a permanency planning proceeding by failing to follow the Court of Appeals' mandate to make findings of fact addressing the factors set out in N.C.G.S. § 7B-907(b). The statute was applicable even though the juvenile was placed in his biological father's home because the juvenile was not returned to the home from which he was removed. The trial court was ordered to make appropriate findings of fact if it found that termination of the juvenile court's jurisdiction was proper. Further, the trial court did not err in refusing to allow respondent to present evidence after remand as the matter was within the discretion of the trial court.

Appeal by respondent-mother from order entered 3 June 2010 by Judge R. Les Turner in District Court, Greene County. Heard in the Court of Appeals 16 February 2011.

*James W. Spicer, III, for petitioner-appellee Greene County Department of Social Services.*

*Pamela Newell, for guardian ad litem.*

*Lisa Skinner Lefler for respondent-appellant mother.*

STROUD, Judge.

Respondent-mother appeals from the permanency planning order entered after this Court reversed a previous order and remanded the matter to the trial court. Respondent-mother contends that the trial court ignored this Court's mandate by failing to allow her to present evidence and by refusing to make findings addressing the factors listed in N.C. Gen. Stat. § 7B-907(b) (2009). We reverse the trial court's order entered upon remand, and remand the case for entry of an order consistent with this opinion.

**IN RE J.M.D.**

[210 N.C. App. 420 (2011)]

We previously summarized the procedural history of this case in more detail in our opinion in respondent-mother's prior appeal, *In re J.M.D.*, —— N.C. App. ——, 687 S.E.2d 710, 2009 N.C. App. LEXIS 1684 (N.C. Ct. App. Nov. 3, 2009) (unpublished). In relevant part, the Greene County Department of Social Services ("DSS") filed a petition in October 2007 alleging that J.M.D. ("Jake")[1] and three siblings were neglected juveniles, as DSS had discovered in July of 2007 that respondent-mother and her children were living in unsanitary conditions in respondent-mother's home. Respondent-mother also had several mental health disorders which were not being treated, and the children were not receiving necessary medical care. On 30 January 2008, Jake was adjudicated neglected and removed from respondent-mother's home and placed in non-secure custody. At the time of the non-secure custody order, K.W. ("Kevin")[2] had not yet been adjudicated as Jake's biological father, but, in February of 2008, Jake was placed with Kevin. Following a 29 September 2008 permanency planning hearing, the trial court ordered DSS to continue placement of Jake with Kevin and adopted a permanency plan "of custody of [Jake] . . . with [Kevin] . . . and the stepmother."

On 24 November 2008, the trial court placed Jake in Kevin's temporary custody. The matter came on for a permanency planning hearing on 16 February 2009. On 25 February 2009, following a paternity test of Jake, Kevin was adjudicated as Jake's father. On 30 March 2009, the trial court entered a permanency planning order in which the trial court concluded that it was in Jake's best interest to place him in Kevin's custody. As a result, the trial court adopted as the permanent plan for Kevin to have custody and relieved DSS and the guardian *ad litem* of further responsibility. The trial court continued respondent-mother's visitation as previously ordered, but directed the parties to provide a sibling visitation schedule.

Respondent-mother appealed from the order, arguing that the trial court failed to make sufficient findings of fact as required by N.C. Gen. Stat. §§ 7B-507 and 7B-907. *J.M.D.*, 2009 N.C. App. LEXIS 1684, *4. This Court disagreed with respondent-mother as to N.C. Gen. Stat. § 7B-507, but agreed as to N.C. Gen. Stat. § 7B-907(b). *Id.* This Court concluded "that the trial court failed to make sufficient findings to support its order pursuant to N.C. Gen. Stat. § 7B-907."

---

1. We will refer to the minor child J.M.D. by the pseudonym Jake, to protect the child's identity and for ease of reading.

2. A pseudonym.

*J.M.D.*, 2009 N.C. App. LEXIS 1684, *9. As a result, this Court reversed the permanency planning order and remanded the matter to the trial court. *Id.*

The matter came on for a new hearing on 21 December 2009. Kevin was not present or represented at the hearing, as his appointed counsel had been relieved by a prior order. Respondent-mother requested that the trial court either place Jake in her custody or conduct a new permanency planning hearing and hear evidence. The trial court declined to hear further evidence and refused to allow respondent-mother to make an offer of proof.

In open court, the trial court noted:

> For the record, this Court disagrees respectfully with the Court of Appeals but recognizes the hierarchy of the court system and will honor the order obviously of the Court of Appeals' three-judge panel with regard to the Court's findings under 7B-907. The basis for the Court's disagreement is that the child was placed with the biological father.

The trial court then stated that it believed that the factors listed in N.C. Gen. Stat. § 7B-907(b) were not relevant to this case because it had placed Jake in Kevin's custody. After engaging in that analysis, the trial court concluded:

> The Court finds this to be an oxymoron with regard to the words and legislative intent in the Court of Appeals' decision in this matter reversing and remanding. If the juvenile is not returned home, again emphasis added, then the Court shall enter an order consistent with its findings that juvenile within a timely manner in accordance with the permanent plan. Therefore, the Court can connote from that language that return home would include a biological father because DSS is not involved in this matter and there's no point for them to be involved in this matter. So therefore, it returns on the definition of legislative intent of the phrase return home.

By an order announced in open court on 21 December 2009 and filed on 3 June 2010,[3] the trial court found:

---

3. N.C. Gen. Stat. § 7B-907(c)(2009) requires that orders from a permanency planning hearing be entered within 30 days from the date of hearing. The record does not reveal the reason for this delay of over five months.

IN RE J.M.D.

[210 N.C. App. 420 (2011)]

12. That at the initial hearing, the Trial Court did not make specific findings as set out in N.C.G.S. 7B-907(b), because the juvenile had been returned to the home of the father. The Court did not believe that it was necessary to make such findings.

. . . .

14. That the Court finds that the term <u>relative</u> as used in N.C.G.S. 7B-907(b)(2) does not mean the mother or father and the juvenile was returned to the home of the father.

15. That since the juvenile has been returned to the father, adoption should not be pursued.

16. That N.C.G.S. 7B-907(b)(4) is inapplicable since the juvenile is in fact in the home of a parent.

17. That the Court finds that N.C.G.S. 7B-907(b)(5) is inapplicable because the Court, in previous orders, has found that the Department of Social Services has taken reasonable steps to reunify the juvenile with a parent and in fact, the child is with a parent.

. . . .

30. That this Court believes that the return home means to return to the home of either parent and not necessarily the return to the home of the parent from which the juvenile was initially removed.

. . . .

32. That when the juvenile was placed in the home of the father and subsequently in the custody of the father, the Court was not convinced that the mother had complied with the orders of the Court and was convinced that the best interest of the juvenile would be promoted and served by placing custody with the father.

33. That one of the reasons the father needed to have custody of the juvenile was to have medical insurance placed on the juvenile.

34. That this matter has become a custody dispute between the parents.

**IN RE J.M.D.**

[210 N.C. App. 420 (2011)]

The trial court ordered that Kevin continue to have custody of Jake; that the previous visitation plan remain in effect; that "this matter is removed from the active calendar of the Greene County Juvenile court[;]" "[t]hat this matter is transferred to the Greene County . . . Domestic Court with the appropriate motion of either the mother or the father of the juvenile[;]" and "that Kim Conner Benton is relieved as counsel for the mother . . . 30 days after receipt of this order." On 15 June 2010, respondent-mother gave notice of appeal.

On appeal, respondent-mother argues that the trial court failed to follow this Court's mandate by refusing to allow her to present new evidence, or make an offer of proof, at the hearing after remand, and by refusing to make findings of fact addressing the factors set out in N.C. Gen. Stat. § 7B-907(b). We agree that the trial court failed to adequately address N.C. Gen. Stat. § 7B-907(b).

In any permanency planning order in which a juvenile is not returned home, the trial court must make written findings concerning the following criteria that are relevant:

(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;

(2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;

(3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption;

(4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;

(5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile;

(6) Any other criteria the court deems necessary.

**IN RE J.M.D.**

[210 N.C. App. 420 (2011)]

N.C. Gen. Stat. § 7B-907(b)(2009).

This Court has "not required trial courts to specifically identify the factors set forth in section 7B-907(b), provided that the record demonstrates that the factors were taken into account." *In re T.R.M.*, 188 N.C. App. 773, 779, 656 S.E.2d 626, 630 (2008). However, "[w]hen a trial court is required to make findings of fact, it must make the findings of fact specially." *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003).

"Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case." *N.C. Nat'l Bank v. Va. Carolina Builders*, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983) (citations omitted). "On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure." *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 667, 554 S.E.2d 356, 363 (2001) (citations and quotation marks omitted), *disc. rev. denied and appeal dismissed*, 355 N.C. 348, 563 S.E.2d 562 (2002).

In this case, the trial court, although it professed an intention to act consistently with this Court's opinion, did not follow this Court's mandate. In respondent-mother's initial appeal, this Court held that the trial court had failed to make findings sufficiently addressing the factors outlined in N.C. Gen. Stat. § 7B-907(b), and reversed the order and remanded the matter. *See J.M.D.*, 2009 N.C. App. LEXIS 1684, *9. The trial court's written order after remand, however, still does not address N.C. Gen. Stat. § 7B-907(b)(1) or (2) at all, and only addresses subsections (2), (4), and (5) insofar as it deems them inapplicable because Jake was placed in Kevin's home. The order does not mention subsection (6).[4] Essentially, the trial court found that it need not make findings regarding any subsection of N.C. Gen. Stat. § 7B-907(b), because it determined that none were "relevant" in this case. *See* N.C. Gen. Stat. § 7B-907(b) ("[I]f the juvenile is not returned home, the court shall consider the following criteria and make

---

4. We note that in its oral findings at the 21 December 2009 hearing, the trial court in considering "any other criteria the Court deems necessary" pursuant to N.C. Gen. Stat. § 7B-907(b)(6) noted that the trial court had given custody to the father based on "the father's job status, stability status, home status, marital status and ability of love and affection and to care for that child." However, the trial court failed to make these findings in the 3 June 2010 order and we are bound by that written order. *See* N.C. Gen. Stat. § 1A-1, Rule 58 (2009) ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court[.]").

written findings regarding those that are *relevant:* . . . ." (emphasis added)). However, the prior opinion of this Court determined that at least one "criterion" under N.C. Gen. Stat. § 7B-907(b) was "relevant," or we would not have ordered a remand for findings of fact. *See J.M.D.*, 2009 N.C. App. LEXIS 1684, \*6-8. Thus, we agree with respondent-mother that the trial court acted inconsistently with this Court's opinion when it failed to make findings adequately addressing N.C. Gen. Stat. § 7B-907(b).

Moreover, the trial court makes explicit, both in its order and in its statements in the transcript, that it assumes that the term "home" as used throughout N.C. Gen. Stat. § 7B-907(b) contemplates the home of either biological parent and is not specific to the home from which the juvenile was removed. The trial court's interpretation of the statute is the stated reason that it found several of the subsections of N.C. Gen. Stat. § 7B-907(b) inapplicable. We hold that the trial court's interpretation is inconsistent with both our prior opinion in this case and our prior case law.

In *Buncombe County Dep't of Soc. Servs. v. Ledbetter (In re Ledbetter)*, 158 N.C. App. 281, 580 S.E.2d 392 (2003), we dealt with identical relevant facts related to this issue. In that case, the respondent-mother agreed to remove the juvenile from her home and place the juvenile with a family friend after DSS filed a petition alleging neglect. *Id.* at 282, 580 S.E.2d at 392. In *Ledbetter*, as in this case, at a subsequent permanency planning hearing the trial court found that the respondent-mother had failed to comply with the court's orders and ordered that the juvenile be placed with the father. *Id.* at 283, 580 S.E.2d at 393. The respondent-mother appealed, and this Court held that the trial court was required to make findings pursuant to N.C. Gen. Stat. § 7B-907(b) when it declined to return the juvenile to the respondent-mother's home, even though the juvenile was placed with the father. *Id.* at 285-86, 580 S.E.2d at 394.

In addition, we note that N.C. Gen. Stat. § 7B-907 repeatedly and consistently uses the word "home" in conjunction with the word "return[;]" that is, it refers to what should occur "if the juvenile is not *returned home.*" *See* N.C. Gen. Stat. § 7B-907(b)(1)- (4). Depending on the context, the word "return" may be an intransitive verb, which cannot have a direct object, or a transitive verb, which must have a direct object. As an intransitive verb, "return" means "to go or come back again[.]" Merriam-Webster's Collegiate Dictionary 1065 (11th ed. 2005). As a transitive verb, "return" means "to bring, send, or put back to a former or proper place[.]" *Id.* In N.C. Gen. Stat. § 7B-907,

**IN RE J.M.D.**

[210 N.C. App. 420 (2011)]

"return" is used as a transitive verb, and its direct object is "home." The word "home" in the statute is clearly referring to the *home from which the juvenile was removed.* Although a juvenile may have a "home" with either parent, he cannot *return* to a home in which he has never lived. At the time Jake was removed from respondent-mother's home, he had never lived with Kevin. Although we understand the trial court's frustration with trying to make this case fit within subsections (1) through (5) of N.C. Gen. Stat. § 7B-907(b), since Jake was living in his father's home, neither we nor the trial court can re-write the statute which the General Assembly has given us.

Yet we need not attempt to re-write the statute, as subsection (6) of N.C. Gen. Stat. § 7B-907(b) gives the trial court great flexibility. Subsection (6) must be considered in conjunction with the other subsections: "[I]f the juvenile is not returned home, the court shall consider the following criteria and make written findings regarding those that are relevant: . . . . (6) Any other criteria the court deems necessary." N.C. Gen. Stat. § 7B-907(b) (6). There is no requirement that the trial court consider any particular number of the six subsections, and the statute contemplates that in a particular situation, not all of the criteria will be "relevant." *See* N.C. Gen. Stat. § 7B-907(b). Thus, the trial court had only to make findings as to N.C. Gen. Stat. § 7B-907(b) subsection (6), "[a]ny other criteria the court deems necessary[,]" if the court determined that none of the other "criteria" in subsections (1) through (5) were applicable. These "other criteria" could be any facts which would be relevant in the context of the purpose of the permanency planning hearing, which the trial court deems as "necessary" in its development of "a plan to achieve a safe, permanent home for the juvenile within a reasonable period of time." N.C. Gen. Stat. § 7B-907(a).

Findings of fact 32, 33, and 34 could perhaps be considered as "other criteria" under subsection (6) which the trial court "deemed necessary" in this particular case. We would like to be able to interpret the order in this way to avoid another remand for additional findings, but the trial court was quite emphatic in its declaration that N.C. Gen. Stat. § 7B-907(b) was not applicable because the child was in fact placed at "home" with his father. Although these findings may be appropriate factors for consideration under subsection (6) of N.C. Gen. Stat. § 7B-907(b), we cannot interpret them in this way in the order before us.[5] This opinion therefore does not preclude the trial

---

5. As noted above, the trial court did address factors it found to be relevant under subsection (6) of N.C. Gen. Stat. § 7B-907(b) in open court, although these findings were not included in the written order.

**IN RE J.M.D.**

[210 N.C. App. 420 (2011)]

court from making similar findings on remand, if the trial court deems them to be "other criteria" which are "necessary" in this case.

Thus, in this case, as in *Ledbetter*, the trial court was required to make findings of fact addressing the N.C. Gen. Stat. § 7B-907(b) factors, even though Jake was placed in his father's custody. The trial court's failure to make the necessary findings is contrary to this Court's prior opinion which remanded the case for findings of fact and to established case law. Accordingly, we must reverse the trial court's order and remand the matter again for entry of an order consistent with this opinion.

As we are remanding this case for entry of a new permanency planning order based upon the 16 February 2009 hearing and in the interest of putting an end to the issues involving Jake's custody before the trial court, we will also note that the trial court's order of 3 June 2010 finds that "this matter has become a custody dispute between the parents" and purports to "transfer" the matter "to the Green County Domestic Court with the appropriate motion of either the mother or father of the juvenile." However, the trial court did not by this order terminate its jurisdiction over the juvenile as provided by N.C. Gen. Stat. § 7B-201 (2009). *See In re S.T.P.,* —— N.C. App. ——, 689 S.E.2d 223 (2010). The trial court also did not follow the requirements of N.C. Gen. Stat. § 7B-911 (2009) for transferring a custody matter from juvenile court to civil court. *See Sherrick v. Sherrick,* —— N.C. App. ——, —— S.E.2d ——, 2011 N.C. App. LEXIS 53 (N.C. Ct. App. Jan. 4, 2011). On remand, if the trial court determines that termination of the juvenile court's jurisdiction is proper or that the case should be transferred to civil court, the trial court should make the appropriate findings as required by N.C. Gen. Stat. § 7B-201 and/or N.C. Gen. Stat. § 7B-911.

Finally, because the issue is likely to be raised again upon remand, we also address respondent-mother's argument that the trial court erred by refusing to allow her to present evidence after remand. Respondent-mother cites no law which would indicate that the trial court was required to hold another hearing on remand to permit presentation of additional evidence and the prior opinion of this Court did not require or even suggest that a new hearing be held upon remand. "Whether on remand for additional findings a trial court receives new evidence or relies on previous evidence submitted is a matter within the discretion of the trial court." *Hicks v. Alford,* 156 N.C. App. 384, 389, 576 S.E.2d 410, 414 (2003) (citing *Hendricks v. Sanks,* 143 N.C. App. 544, 549, 545 S.E.2d 779, 782 (2001)). It was

entirely within the trial court's discretion as to whether to permit presentation of additional evidence on remand, and respondent-mother has demonstrated no abuse of discretion. In fact, as the trial court was simply making findings of fact based upon the evidence before it at the 16 February 2009 permanency planning hearing, we fail to see how additional evidence would have been relevant or helpful to the trial court. Remand is not intended to be an opportunity for either respondent or petitioner to retry its case. The same is true of this second remand for additional findings. Thus, the trial court is again required to exercise its own discretion in determining whether to hear additional evidence on remand.[6]

On remand, we direct that the trial court make additional findings of fact addressing any subsections of N.C. Gen. Stat. § 7B-907(b) as it deems relevant, but specifically including N.C. Gen. Stat. § 7B-907(b)(6), setting forth the "other criteria" which it deems "necessary" in entering its order making custody with Kevin the permanent plan for Jake. In addition, should the trial court again determine that termination of the juvenile court's jurisdiction or transfer of the matter to civil court is appropriate, it should make the findings and decrees as required by N.C. Gen. Stat. § 7B-201 regarding termination of jurisdiction or N.C. Gen. Stat. § 7B-911 regarding transfer.

REVERSED AND REMANDED.

Judges HUNTER, JR., Robert N. and ERVIN concur.

_____

6. We note that the trial court's 30 March 2009 permanency planning order which was the subject of the first appeal ordered that "the Guardian ad Litem and the Department of Social Services are relieved of the responsibility of any monitoring efforts[,]" and Jake's father, Kevin, made no appeal from that order. *See J.M.D*, 2009 N.C. App. LEXIS 1684, *1. At the 21 December 2009, hearing on remand, there was an issue as to whether Kevin's appointed trial counsel had been dismissed in a prior proceeding. Consequently, the trial court in its 3 June 2010 order, found that "when the Court signed it's [sic] order on March 30, 2009, the attorney for the father of the juvenile was relieved and the father was not represented on appeal[,]" but made no other findings or orders regarding the appointment of counsel for Kevin. Additionally, Kevin did not attend this hearing but counsel for respondent-mother stated that she had sent notice of the hearing to Kevin. The record on appeal contains a "notice of hearing in [the] juvenile proceeding" dated "11 December 2009" but respondent-mother's counsel was not certain as to whether this notice contained an updated address for Kevin or whether Kevin actually received notice for the 21 December 2009 hearing. As the trial court's proceedings on remand may directly affect Kevin's interests, on remand the trial court should ensure that Kevin receives notice and consider whether counsel should be appointed for Kevin. *See* N.C. Gen. Stat. § 7B-602(a)(2009) ("The court may reconsider a parent's eligibility and desire for appointed counsel at any stage of the proceeding.")