# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**William M.,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0620** (Taylor County 01-D-58)

**West Virginia Bureau of Child Support Enforcement, and**
**Brenda H.,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Self-represented Petitioner William M. ("petitioner father") appeals the July 16, 2020, order of the Circuit Court of Taylor County denying his appeal from the May 18, 2020, order of the Family Court of Taylor County awarding a judgment against petitioner father in the amount of $5,610.74 in child support for the period from April 1, 2005, through August 31, 2019.[1] Respondent West Virginia Bureau of Child Support Enforcement ("BCSE"), by counsel Kimberly D. Bentley, filed a response in support of the circuit court's order.[2] Petitioner father filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Respondent Brenda H. did not file a response.

Petitioner father and Respondent Brenda H. ("respondent mother") never married, but have one child together, L.M., who turned eighteen years old in September of 2018. On October 24, 2019, petitioner father filed an objection to the BCSE's affidavit of accrued support, filed on October 3, 2019, which asserted that petitioner father was "at least 30 days in arrears" in the amount of $5,610.74 in support for the period from April 1, 2005, through August 31, 2019, after L.M.'s eighteenth birthday. Thereafter, the Family Court of Taylor County held a hearing on January 13, 2020, at which petitioner father argued that his child support obligation should have not continued beyond L.M.'s eighteenth birthday pursuant to West Virginia Code § 48-11-103(a) because L.M. was not "enrolled as a full-time student in a secondary educational . . . program and making substantial progress towards a diploma[.]" However, according to respondent mother's testimony, L.M. has had an individualized education program ("I.E.P.") since he was in kindergarten due to a learning disability that caused L.M. to be "slower learning" in reading and mathematics. [3] Respondent mother further testified that L.M. suffered from depression. Respondent mother introduced, and the family court accepted, into evidence L.M.'s 2017 I.E.P. confirming that L.M. (1) had "a level of learning [that] reflects low academic performance compared to same-age peers when provided with [age-appropriate] learning experiences and instruction" in the areas of "[r]eading [f]luency" and "[m]athematics [c]alculation"; and (2) suffered depression as an "educationally relevant medical finding[ ]." (emphasis omitted).

Respondent mother stated that L.M.'s difficulties with completing his high school education began at the end of 2016 when she lost another child due to suicide, which affected L.M., and that, in November of 2017, L.M. "gave up" on his secondary education, resulting in L.M. having numerous unexcused absences from school during that month. Respondent mother further testified that, after consulting with L.M.'s I.E.P. team from the Taylor County Board of Education ("school board"), it was agreed that she would notify the school board that she would homeschool L.M. by enrolling him with Penn Foster High School ("Penn Foster"), an online secondary educational institution, so that L.M. could complete his high school education. Petitioner father testified that he believed that Penn Foster's educational program permitted L.M. to study at his own pace rather than requiring him to be a full-time student making substantial progress towards a diploma, as required by West Virginia Code § 48-11-103(a). However, under questioning from the family court as to whether petitioner father's opinion was founded upon sufficient knowledge of L.M.'s special needs, petitioner father admitted that he had not been involved in L.M.'s education for a substantial period of time, stating that he decided that "it was best that I stayed out of the picture as much as possible." Petitioner father's testimony that he stayed "out of the picture" was supported by respondent mother's testimony that the last I.E.P. meeting petitioner father attended was the year L.M. attended kindergarten. Also, the BCSE objected to petitioner father's introduction of the educational program offered by a different online high school that did not have L.M. enrolled as irrelevant as to whether petitioner father's

---

[3]Pursuant to the Individuals with Disabilities Education Act, 20 United States Code §§ 1400 to 1482, an I.E.P. is "essentially a written plan developed for each child with a disability that is designed to meet that child's specific educational needs." *Howell v. Goode*, 223 W. Va. 387, 392, 674 S.E.2d 248, 253 (2009) (quoting 20 U.S.C. § 1414(d)(1)(A)) (additional citation omitted).

child support obligation should continue pursuant to West Virginia Code § 48-11-103(a). The family court refused to admit the educational program offered by Excel High School ("Excel") into evidence as L.M. was not enrolled with Excel.

After the January 13, 2020, hearing, but before the entry of the family court's May 18, 2020, order, the family court received a letter from the school board, dated May 7, 2020, that L.M. successfully completed his high school education with the school board's receipt of "appropriate notification [from respondent mother] that homeschooling has been completed and the annual assessment as required by [West Virginia] Code § 18-8-1(c)(2)(D) has been provided [for 2019-2020]."[4] The family court attached the school board's May 7, 2020, letter to its May 18, 2020, order, finding that L.M.'s completion of his high school education "occur[red] as anticipated" and that petitioner father's child support obligation continued "until [L.M.] receive[d] his high school diploma" pursuant to West Virginia Code § 48-11-103(a).[5] Accordingly, the family court awarded a judgment against petitioner father in the amount of $5,610.74 in child support for the period from April 1, 2005, through August 31, 2019.

Petitioner father appealed the family court's May 18, 2020, order to the Circuit Court of Taylor County which denied the appeal by order entered on July 16, 2020. In its order, the circuit court rejected petitioner father's arguments that the family court's evidentiary rulings were erroneous, finding that it "cannot determine that the [f]amily [c]ourt abused its discretion as to these issues." As to whether petitioner father's child support obligation continued until L.M.'s completion of his high school education, the circuit court further found that it

> cannot determine that the [f]amily [c]ourt committed error in determining that this educational program in this particular situation meets the requirements of West Virginia Code § 48-11-103(a) such that [petitioner father] would be responsible for child support after [L.M.]'s eighteenth (18th) birthday and until he receive[d] his high school diploma[.]

Petitioner father now appeals the circuit court's July 16, 2020, order denying his appeal from the family court's May 18, 2020, order. When we review circuit court orders denying appeals from family court orders, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W.

---

[4]West Virginia Code § 18-8-1(c)(2)(D) provides, in pertinent part, that "[a] child is exempt from the compulsory school attendance" if a parent maintains "copies of each student's [a]cademic [a]ssessment for three years" and if the child is receiving "appropriate instruction" and making "acceptable progress."

[5]The BCSE confirms that petitioner father's child support obligation is now terminated. According to the BCSE, L.M. completed his high school education on February 29, 2020, which was the date the parties anticipated would be the termination of petitioner father's child support obligation at the January 13, 2020, hearing.

Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner father argues that the family court's rulings regarding the admission of evidence at the January 13, 2020, hearing were erroneous. The BCSE counters that the family court's evidentiary rulings were not erroneous. According to the appellate record, petitioner father introduced Penn Foster's educational program into evidence. Petitioner father also attempted to introduce Excel's educational program; however, the family court refused to admit that exhibit as L.M. was not enrolled with Excel. Next, the BCSE introduced L.M.'s academic assessment reports for 2017-2018 and 2018-2019 following his enrollment in Penn Foster's educational program, which reports were copied and provided to petitioner father during the hearing. In addition to L.M.'s 2017 I.E.P., respondent mother introduced into evidence the following exhibits: (1) L.M.'s student transcript for school years prior to 2018; (2) an attendance report showing L.M.'s unexcused absences in November of 2017 prior to his enrollment with Penn Foster; and (3) proof of L.M.'s enrollment with Penn Foster. Petitioner father's primary complaint is that he did not receive copies of exhibits introduced by respondent mother until after the hearing. Petitioner father argues that the family court's failure to provide him with copies of respondent mother's exhibits at the hearing denied him due process of law because he was unable to make arguments based upon those exhibits, rendering the hearing unfair to him. Finally, petitioner father further argues that the family court's rulings violated not only the West Virginia Rules of Evidence, but also the West Virginia Rules of Practice and Procedure for Family Court and the West Virginia Rules of Civil Procedure.

Rule 61 of the Rules of Civil Procedure provides, in pertinent part, as follows:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground . . . for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Similarly, we have held that a person alleging a violation of due process of law must demonstrate that he or she suffered prejudice thereby. *See* Syl. Pt. 2, *Reed v. Staffileno*, 239 W. Va. 538, 803 S.E.2d 508 (2017) (holding that a person alleging an undue delay in the revocation of his license to operate a motor vehicle must show that he suffered prejudice as a result of the delay).

Here, despite petitioner father's arguments to the contrary, we find that he fails to show that he suffered prejudice or had his substantial rights adversely affected by any of the family court's alleged errors and/or failures at the hearing. As discussed below, petitioner father's substantive argument is that the record as developed before the family court (including the exhibits petitioner father did not receive until after the hearing) is sufficient for him to show that his child support obligation should not have continued beyond L.M.'s eighteenth birthday as the requirements of West Virginia Code § 48-11-103(a) were not met. Therefore, to the extent that petitioner father alleges that there were errors committed by the family court at the hearing—

4

which the BCSE does not concede there were—we find any such errors were harmless. Rather, we find that petitioner father simply disagrees with the family court that the record supports a finding that L.M. was (1) enrolled as a full-time student in a secondary educational program; and (2) making substantial progress towards a diploma, which resulted in the continuation of petitioner father's child support obligation until L.M.'s completion of his high school education pursuant to West Virginia Code § 48-11-103(a).[6] Petitioner father argues that the exhibits introduced by the BCSE and respondent mother sometimes contradict rather than support respondent mother's testimony.

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, L.M.'s 2017 I.E.P. supports respondent mother's testimony that L.M. was "slower learning" in reading and mathematics and that his depression also affected his academic progress. While petitioner father complains that Penn Foster's educational program did not require L.M. to be a full-time student making substantial progress towards a diploma, the documentary evidence supports respondent mother's testimony that enrollment with Penn Foster enabled L.M to complete his high school education, thereby satisfying the requirements of West Virginia Code § 48-11-103(a). Therefore, pursuant to *Guthrie*, we cannot find any reason upon which to disturb the family court's finding that L.M. was (1) enrolled as a full-time student in a secondary educational program; and (2) making substantial progress towards a diploma. As noted by both the family court and the circuit court, with L.M.'s completion of his high school education, petitioner father's child support obligation is now terminated pursuant to West Virginia Code § 48-11-103(a) as of the date specified by the BCSE.[7] Accordingly, we conclude that the circuit court properly denied petitioner father's appeal from the family court's order.

---

[6]West Virginia Code § 48-11-103(a) provides, in full, as follows:

An order for child support shall provide that payments of such support continue beyond the date when the child reaches the age of eighteen, so long as the child is unmarried and residing with a parent, guardian or custodian and is enrolled as a full-time student in a secondary educational or vocational program and making substantial progress towards a diploma: Provided, That such payments may not extend past the date that the child reaches the age of twenty.

As we noted in *Howell v. Goode*, 223 W. Va. 387, 674 S.E.2d 248 (2009), the Legislature amended West Virginia Code § 48-11-103(a) in 2008 to substitute "shall" for "may" in the 2002 version of the statute and to remove a requirement for a specific finding of good cause and supporting findings of fact and conclusions of law. 223 W. Va. at 390 n.6, 674 S.E.2d at 251 n.6. We find that the 2008 changes to West Virginia Code § 48-11-103(a) are not material to this case as neither party argues that they are.

[7] *See* note 5, *supra*.

5

For the foregoing reasons, we affirm the circuit court's July 16, 2020, order denying petitioner father's appeal from the family court's May 18, 2020, order awarding a judgment against him in the amount of $5,610.74 in child support for the period from April 1, 2005, through August 31, 2019.

Affirmed.

**ISSUED:** August 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton